IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ELLIS C. MURPHY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| NATHAN & NATHAN, P.C., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

**PARTIES**

4. Plaintiff Ellis C. Murphy (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Nathan & Nathan, P.C. (hereinafter "Defendant Nathan") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: John R. Voigt, Esq., 150 3rd Ave., S., Ste 1100, Nashville, TN 37201-2037.

## FACTUAL ALLEGATIONS

6. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Capital One Bank (USA), N.A. (hereinafter "Capital One"), and allegedly owed by Plaintiff.

7. After default, the alleged debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

8. Defendant Nathan is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

9. The FDCPA prohibits false, deceptive, or misleading communications in connection with collection of a debt. 15 U.S.C. § 1692e.

10. Despite this prohibition, Defendant Nathan sent misleading and deceptive communications to Plaintiff in connection with the collection of the debt that raised the specter of potential legal action by using its law firm to collect the debt, although Defendant Nathan had stated that it was not acting in its legal capacity when it sent the initial communication.

### *January 16, 2012 Collection Letter*

11. On or about January 16, 2012, Defendant Nathan sent a collection letter to Plaintiff dated January 16, 2012. **Copy filed as Exhibit 1 to Complaint (hereinafter "Doc. 1-1").**

12. The January 16, 2012 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

13. The January 16, 2012 collection letter prominently and boldly displays the name: "**The Law Offices of Nathan & Nathan, P.C.**" at the center and top of the January 16, 2012 collection letter in capital letters and bold print. (Capital and bold letters in original)

14. The January 16, 2012 collection letter stated:

"RE: Creditor: Capital One Bank (USA), N.A.
Balance Due $4,919.85
Account No. 5178052463295713
Our File No. 12-10760

15. The January 16, 2012 collection letter also stated that:

"The above-referenced account has been placed with this law firm for collection; however, **at this time no attorney with this firm has personally reviewed the particular circumstances of your account. Please be advised that the staff and attorneys of this law firm are debt collectors for the above-referenced creditor**. This and all communications from this law firm are from a debt collector and an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

(Emphasis added).

16. The January 16, 2012 collection letter was auto signed:

"Nathan & Nathan, P.C.
Attorneys Licensed in Alabama and Tennessee"

17. On information and belief, none of the attorneys who are members of Defendant Nathan's law firm had any direct personal involvement in the mailing of the January 16, 2012 collection letter.

18. On information and belief, none of the attorneys who are members of Defendant Nathan's law firm reviewed Plaintiff's file, did not determine when the January 16, 2012 collection letter should be sent, did not approve the sending of the January 16, 2012 collection letter based upon the recommendations of others, did not see the January 16, 2012 collection letter before it was sent, and did not know the identity of the Plaintiff, before the January 16, 2012 collection letter was sent.

19. The use of the law firm's letterhead is sufficient to give the least sophisticated consumer the false impression that the January 16, 2012 collection letter was a communication from an attorney, in violation of § 1692e(3).

20. The January 16, 2012 collection letter was false, deceptive, and misleading because it was not "from" an attorney in any meaningful sense of the word. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 301 (2d Cir.2003) ("[a]lthough there is no dispute that [the defendant law firms] are law firms, or that the letters sent by those firms were 'from' attorneys in the literal sense of that word, some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA").

21. Upon receiving the January 16, 2012 collection letter, the least sophisticated consumer, may reasonably believe that an attorney licensed in Tennessee has reviewed his file and has determined that he is a candidate for legal action in Tennessee.

22. The statement in the January 16, 2012 collection letter: "Please be advised that the staff and attorneys of this law firm are debt collectors for the above-referenced creditor", immediately after stating that "no attorney with this firm has personally reviewed the particular circumstances of your account", would be misleading and confusing to the least sophisticated consumer whether Defendant Nathan was acting solely as a debt collector and not in any legal capacity in sending the letters.

23. The January 16, 2012 collection letter, presented on Defendant Nathan's letterhead, violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in collection of Plaintiff's debt, when the ultimate professional judgment concerning the existence of a valid debt is not reserved to an attorney.

*Failure to Send a Written Notice Containing the Amount of the Debt
Within Five Days After the Initial Communication*

24. The January 16, 2012 collection letter was the initial communication in connection with collection of the debt by Defendant Nathan.

25. Within five days after Defendant Nathan sent the January 16, 2012 collection letter to Plaintiff, Plaintiff had not paid the debt.

26. By stating in the January 16, 2012 collection letter that they had been hired to collect $4,919.85 from Plaintiff, Defendant Nathan failed to correctly state the amount of the debt on January 16, 2012.

27. Defendant Nathan's January 16, 2012 initial communication, which disclosed the amount allegedly owing, failed to list the correct balance owed and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the balance owed, including the amount of interest (with the applicable interest rate), made it

5

impossible to determine from the letter the exact amount owed on that date, given that it did not state what impact payment of the stated amount would have on Plaintiff's obligation to pay later-accruing interest or other charges.

28. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the January 16, 2012 collection letter, and within one year prior to the filing of this Complaint, Defendant Nathan failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

### *False Representation of the Amount of the Debt*

29. By stating that it had been hired to collect $4,919.85 from Plaintiff, Defendant Nathan falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f, and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

### *Collection Service Licensing – Defendant Nathan*

30. Defendant Nathan is an artificial entity and does not possess a law license in the state of Tennessee.

31. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of

whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3).

32. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

33. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

34. Defendant Nathan has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

35. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. ***See, Tenn. Code. Ann. § 62-20-103(a)(2).***

36. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption.

37. In 2000, the Tennessee Attorney General interpreted the exemption for attorneys as being "**applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys**." *Copy of Tennessee Attorney General ("TAG") Opinion No. 00-105 filed as Exhibit 2 (hereinafter "Doc. 1-2").*

38. On March 14, 2012, the Tennessee Collection Service Board issued an informal ruling that the exemption from the licensing requirements for attorneys at law is limited "to

7
Case 2:12-cv-00487-HSM-WBC   Document 1   Filed 12/22/12   Page 7 of 10   PageID #: 7

extend only to attorneys that are 1) licensed to practice law in Tennessee and 2) acting in a representative or advisory capacity on behalf of a client that is owed a debt." ***Copy of March 14, 2012 informal ruling filed as Exhibit 3 (hereinafter "Doc. 1-3").***

39. None of the individual attorneys who are members of Defendant Nathan's law firm signed the January 16, 2012 collection letter.

40. There is no exemption allowed Defendant Nathan under the Tennessee Collection Service Act, and since no attorney reviewed the alleged debt prior to sending out the January 16, 2012 collection letter, Capital One could only have hired Defendant Nathan as a collection service and not for its services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

41. The failure of Defendant Nathan to become licensed by the Tennessee Collection Service Board when they could have only been hired as a collection service and not for its services as an attorney would mislead and confuse the least sophisticated consumer by suggesting that Defendant Nathan had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

42. By attempting to collect the debt from Plaintiff at a time when Defendant Nathan was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Nathan violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Summary*

43. The above-detailed conduct by these Defendant in an effort to collect the alleged debt, including, but not limited to making false, deceptive and/or misleading representations in

their communications to Plaintiff, was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

47. As a result of Defendant' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

# COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/22/12                                        Respectfully submitted,

**ELLIS C. MURPHY**


/s/     Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
info@alanlee.com